**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BETTY QI, Derivatively on Behalf of DESKTOP METAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RIC FULOP, JAMES HALEY, ALI EL-SIBLANI, BILAL ZUBERI, DAYNA GRAYSON, JEFF IMMELT, LEO HINDERY, JR., SCOTT DUSSAULT, STEPHEN NIGRO, STEVE PAPA, WEN HSIEH, JAMES EISENSTEIN, BYRON KNIGHT, and ANDY WHEELER, <br><br> Defendants. | Case No. 1:22-cv-11118-IT |

### <u>JOINT MOTION TO STAY ACTION</u>

On July 12, 2022, Plaintiff Betty Qi ("Plaintiff") filed a shareholder derivative action on behalf of Nominal Defendant Desktop Metal, Inc. ("Desktop Metal" or the "Company") in this Court for alleged breaches of fiduciary duty and violations of Section 14(A) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 14a-9 against defendants Ric Fulop, James Haley, Ali El-Siblani, Bilal Zuberi, Dayna Grayson, Jeff Immelt, Leo Hindery, Jr., Scott Dussault, Stephen Nigro, Steve Papa, Wen Hsieh, James Eisenstein, Byron Knight, and Andy Wheeler (the "Individual Defendants" and together with Desktop Metal, "Defendants") captioned *Qi v. Fulop, et al.*, Case No. 1:22-cv-11118-IT (the "Qi Litigation"). Desktop Metal was served with the Qi Complaint on December 21, 2022 (ECF No. 4).

Also on July 12, 2022, Plaintiffs Wilfred Keyser and Reid Klootwyk ("Plaintiff Keyser") filed a shareholder derivative action on behalf of Desktop Metal in this Court for alleged breaches of fiduciary duty and violations of Section 14(A) of the Exchange Act and SEC Rule

14a-9 against the Individual Defendants captioned *Keyser v. Fulop, et al.*, Case No. 1:22-cv-11117-IT (the "Keyser Litigation").  Desktop Metal was served with the Keyser Complaint on September 27, 2022, (ECF No. 4), and counsel accepted service on behalf of the Individual Defendants on October 18, 2022 (ECF No. 6).

On July 22, 2022, Plaintiff Michael Cherry ("Plaintiff Cherry") filed a shareholder derivative action on behalf of Desktop Metal in the United States District Court for the District of Delaware for alleged breaches of fiduciary duty and violations of Section 14(A) of the Exchange Act and SEC Rule 14a-9 against Ric Fulop, James Haley, Ali El-Siblani, Bilal Zuberi, Dayna Grayson, James Eisenstein, Jeff Immelt, Leo Hindery, Jr., Scott Dussault, Stephen Nigro, Steve Papa, and Wen Hsieh (the "Cherry Individual Defendants" and together with Desktop Metal, the "Cherry Defendants") captioned *Cherry v. Fulop, et al.*, C.A. No. 22-962-GBW (the "Cherry Litigation").  Desktop Metal was served with the Cherry Complaint on July 27, 2022 (ECF No. 6), and counsel accepted service on behalf of the Cherry Individual Defendants on August 12, 2022 (ECF No. 7).

On September 29, 2022, this Court in the matter captioned *Luongo v. Desktop Metal, et al.*, Case No. 1:21-cv-12099-IT consolidated the four securities class actions pending in this Court (the "Securities Litigation")[1].  The *Luongo* Complaint alleges that Defendant Desktop Metal and certain Individual Defendants (the "Securities Litigation Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (ECF No. 1).  Pursuant to the Court's November 7, 2022, the *Luongo* Lead Plaintiffs filed a consolidated amended complaint on December 19, 2022. (ECF No. 107).

---

[1] The four cases that were re-consolidated are *Luongo*, *Hathaway v. Desktop Metal, et al.*, Case No. 1:22-cv-10059-IT, *Guzman-Martinez v. Desktop Metal, et al.*, Case No. 1:22-cv-10173-IT, and *Xie v. Desktop Metal, et al.*, Case No. 1:22-cv-10297-IT.

The Securities Litigation Defendants' motion to dismiss is due on or before February 28, 2023. (ECF No. 105.) Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, until the anticipated motion to dismiss in the Securities Litigation is resolved, discovery in the Securities Litigation will be stayed.

In order to ensure economy of time and effort for the Court, for counsel, and for litigants, and in light of the overlap between this Action and the Securities Litigation, the automatic stay of discovery under the PSLRA, and the similar agreement among the parties to the *Keyser* Litigation, Plaintiff and Defendants have agreed that this Action should be voluntarily stayed on the terms set forth below unless and until: (i) entry of an order finally resolving the motion to dismiss in the Securities Litigation and the exhaustion of all related appeals; or (ii) any of the Parties to this Stipulation gives a twenty-one (21) day notice that they no longer consent to the voluntary stay of the Action.

The Parties therefore agree as follows:

1.      This Action shall be stayed until the earlier of: (i) ten (10) business days following the entry of an order finally resolving the motion to dismiss the amended complaint in the Securities Litigation and the exhaustion of all appeals; or (ii) twenty-one (21) days after any of the Parties to this joint motion gives notice that they no longer consent to the voluntary stay of the Action. Such a stay will promote the efficient and orderly administration of justice by coordinating the prosecution of the various pending derivative litigation matters and the Securities Litigation.

2.      Notwithstanding this voluntary stay, Plaintiff may file an amended complaint. Defendants shall not be required to move, answer, plead, or otherwise respond to the Complaint (or any amended complaint) during the pendency of the stay of proceedings.

3.      During the pendency of this stay, Defendants expressly reserve all rights, defenses, or other objections other than insufficient process or insufficient service of process.

4.      If during the pendency of the stay of this Action Defendants provide documents to: (i) plaintiffs in the Securities Litigation for any purpose (either litigation, mediation or settlement discussions); (ii) any plaintiff in any derivative action (either litigation, mediation or settlement discussions); or (iii) any shareholder pursuant to any inspection demand pursuant to a Delaware Section 220 demand, Defendants agree to provide the same documents to Plaintiff in this Action on the same terms they are provided to the respective plaintiff and/or shareholder referenced above in this paragraph, subject to the terms and conditions of an appropriate protective order to be negotiated for this Action.

5.      In the event the parties to the Securities Litigation or to any related derivative action (including any demands or actions pursuant to 8 *Del. C.* § 220), whether threatened or filed, purportedly brought or threatened to be brought on behalf of Desktop Metals arising from substantially similar facts and asserting substantially similar claims as this Action, whether filed in this Court or in another court agree to attend either a court-ordered settlement conference or party-scheduled mediation, Defendants agree to provide Plaintiff with reasonable advance notice.

6.      Within twenty-one (21) days following the lifting of the stay in accordance with the provisions of this stipulation, the Parties will submit a proposed schedule to the Court

regarding any amended complaint filing by Plaintiff and Defendants' response to the operative complaint.

7.     All deadlines, hearings, or conferences currently scheduled shall be postponed until the date and time that will be specified in the proposed scheduling order to be submitted by the Parties, or as otherwise set by the Court.

8.     This joint motion is made in full reservation of and without waiver or prejudice of any rights, claims, objections, defenses, arguments, and motions in relation to the complaint filed in this Action, whether jurisdictional, procedural, substantive, or otherwise, that any party may have, including but not limited to the right to challenge the District of Massachusetts as the proper venue or forum for this and the Keyser Action.

Dated: February 1, 2023                    Respectfully submitted,

                                           /s/ *Shannon L. Hopkins*
                                           Shannon L. Hopkins
                                           **LEVI & KORSINSKY, LLP**
                                           1111 Summer Street, Suite 403
                                           Stamford, CT 06905
                                           Telephone: (203) 992-4523
                                           Facsimile: (212) 363-7171
                                           Email: shopkins@zlk.com

                                           **HYNES & HERNANDEZ, LLC .**
                                           MICHAEL J. HYNES
                                           Ligaya T. Hernandez
                                           101 Lindenwood Drive, Suite 225
                                           Malvern, PA 19355
                                           Telephone: (484) 875-3116
                                           Facsimile: (914) 752-3041
                                           Email: mhynes@hkh-lawfirm.com
                                           lhernandez@hkh-lawfirm.com

                                           ***Attorneys for Plaintiffs***

/s/ *William J. Trach*
William J. Trach (BBO# 661401)
**LATHAM & WATKINS LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

Kristin N. Murphy (*pro hac vice forthcoming*)
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235
kristen.murphy@lw.com

**Attorneys for Defendants**

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that he has conferred with counsel for Plaintiff regarding the relief requested in this motion, and Plaintiff's counsel consents to this motion.

/s/ *William J. Trach*
William J. Trach

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent February 1, 2023 to those identified as non-registered participants.

/s/ *William J. Trach*
William J. Trach